**FILED**

AUG 12 2025

Clerk, U.S. Courts
District Of Montana
Billings Division

**PAUL D. VESTAL**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone:**     **(406) 657-6101**
**FAX:**         **(406) 657-6989**
**E-mail:**     **paul.vestal@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 25-66-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **PLEA AGREEMENT** |
| **RYAN DAVID SCHREDER,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Paul D. Vestal, Assistant United States Attorney

for the District of Montana, and the defendant, Ryan David Schreder, and the

defendant's attorney, Marvin S. McCann, have agreed upon the following:

1.     **Scope:** This plea agreement is between the United States Attorney's

Office for the District of Montana and the defendant. It does not bind any other

federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

**2.**     **Charges:**  The defendant agrees to plead guilty to Counts 1-4 and Count 6 of the indictment. Counts 1-4 charge the crime of false statement in acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). Count 6 charges the crime of prohibited person in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(4). Counts 1-4 carry a penalty of up to ten years of imprisonment, a $250,000 fine, and three years of supervised release. Count 6 carries a penalty of up to 15 years of imprisonment, a $250,000 fine, and three years of supervised release. The defendant also agrees to admit the forfeiture allegation contained in the indictment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss Count 5 of the indictment, which charges the crime of false statement in attempted acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6).

**3.**     **Nature of the Agreement:**  The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: (a) moves to dismiss, and the Court agrees to dismiss, Count 5 of the indictment; and, (b) makes the recommendations provided below.

The defendant understands that if the agreement is accepted by the Court, and Count 5 is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4.    **Admission of Guilt:**  The defendant will plead guilty because the defendant is guilty of the charges contained in Counts 1-4 and Count 6 of the indictment.

In pleading guilty to Counts 1-4 of the indictment for false statement in acquisition of a firearm, the defendant acknowledges that:

First, that [name of the specific store] was a licensed firearms dealer;

Second, that in connection with acquiring a firearm from that licensed firearms dealer, the Defendant made a false statement;

Third, that the Defendant knew his statement was false, and;

Fourth, that the false statement was material; that is, it had a natural tendency to influence or was capable of influencing the licensed firearms dealer into believing that the firearm could be lawfully sold to the Defendant.

In pleading guilty to Count 6 of the indictment for prohibited person in possession of firearms and ammunition, the defendant acknowledges that:

First, the defendant knowingly possessed a firearm and ammunition, in or affecting interstate commerce;

Second, before possessing the firearm and ammunition, the defendant had been committed to a mental institution; and,

Third, at the time the defendant possessed the firearm and ammunition, the defendant knew he had previously been committed to a mental institution.

## 5.    Waiver of Rights by Plea:

(a)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)    The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent and the Court must approve a non-jury trial.

(d)    The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)    If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the

AUSA    DEF    ATTY    Date                                          Page 4

defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

AUSA     DEF     ATTY     Date                                    Page 5

(j)    The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)    If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6.    Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.  The United States will further recommend to the Court that the sentences imposed on all counts run concurrent to each other and, if the

defendant complies with the plea agreement, the United States will recommend a low-end guideline sentence.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7.    **Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.    **Waiver of Appeal of the Sentence – Unconditional:**  The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to

the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

9.     **Financial Obligations:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet defendant's obligation to pay restitution and/or a fine.

10.     **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

11.    **Forfeiture:** The following property (identified below as items 1-25)

are subject to forfeiture as a result of the criminal conviction in this matter.

The defendant agrees to abandon all right title and interest in the following

property seized by the Yellowstone County Sheriff's Office (*ref. case no.* 2024-

00718950) on or about October 10, 2024, pursuant to a search warrant of 745

Thicket Lane, Billings, MT:

1. **Beretta, 92FS, 9mm pistol, s/n BER821571**
2. **Girsan, MC 39, 9mm pistol, s/n T6368-21AH00103**
3. **Sarsilmaz, Sar 9mm pistol, s/n T1102-21BV35918**
4. **Palmetto, PSAK47, 762 rifle, s/n AKB082295**
5. **Palmetto, AK-103S, 762 rifle, s/n AK3-004211**
6. **Palmetto State Armory, Dagger compact 9mm pistol, s/n FG102383**
7. **Palmetto, PA-15, 22 pistol, s/n SCD827482**
8. **Palmetto, PA-15, 556 rifle, s/n SCD223270**
9. **Palmetto, PX9, 9mm rifle, s/n X9-044145**
10. **Palmetto, PA-X9, 9mm rifle, s/n X9-048023**
11. **CZ (Ceska Zbrojovka), CZ75 SPO-01, 9mm pistol, s/n H309764**
12. **Steyr, L9-A2 MF, 9mm pistol, s/n 3240020**
13. **Tisas, 1911 Carry SS45 45mm pistol, s/n T0620-22BE01150**
14. **Tisas, 1911 Duty SS45R 45mm pistol, s/n T0620-22AK05311**
15. **Armscor / Rock Island, 1911A1, 45mm pistol, s/n RIA2445663**
16. **KelTec, KSG, 12 gauge shotgun, s/n XYEC30**
17. **CZ (Ceska Zbrojovka), CZ75, 22mm pistol, s/n G141901**
18. **Springfield Armory, M1A 762 rifle, s/n 532055**
19. **Henry, H009G, 30-30 rifle, s/n WTT08913G**
20. **Heritage, Barkeep 22 revolver, s/n 1BH734879**
21. **Walther, CCP M2, 380 pistol, s/n WM034468**
22. **Girsan, Regard MC, 9mm pistol, s/n T6368-24A01062**
23. **Tanfoglio, Witness P Match Pro, 9mm pistol, s/n EAA10516**
24. **Any associated accessories and ammunition, including 1176 assorted rounds of ammunition.**

The defendant further agrees to abandon all right title and interest in the following property recovered by the Yellowstone County Sheriff's Office (*ref. case no.* 2025-00713846) on or about June 22, 2025, from 745 Thicket Lane, Billings, MT:

**25. Stoeger, STR-9, 9mm pistol, s/n T6429-22Z01339**

The defendant further consents to the entry of a Preliminary and Final Order of Forfeiture, pursuant to Fed. R. Crim. P. Rule 32.2; to waive any rights to notice of forfeiture and to pronouncement of forfeiture at sentencing; and/or agrees to execute a release and waiver of any interests, if any, of seized assets not forfeited, transferring the property to the United States.

**12.    Detention/Release After Plea:**  The defendant acknowledges that the defendant will be detained pending the sentencing hearing.

**13.    FOIA Waiver:**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**14.    Breach:**  If the defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and

sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

**15.    Entire Agreement:**  Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

_____
Paul D. Vestal
Assistant U. S. Attorney
Date: 8/12/25

_____
Ryan David Schreder
Defendant
Date: 7/30/25

_____
Marvin S. McCann
Defense Counsel
Date: 7/30/25