**PAUL D. VESTAL**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone:       (406) 657-6101**
**FAX:         (406) 657 6989**
**E-mail:      Paul.Vestal@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 25-66-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **RYAN DAVID SCHREDER,** | |
| **Defendant.** | |

The United States of America, represented by Paul D. Vestal, Assistant United States Attorney for the District of Montana, files its Offer of Proof in anticipation of the change of plea hearing scheduled for August 28, 2025.

1

## THE CHARGES

The defendant, Ryan David Schreder, is charged by indictment with false statement in acquisition of a firearm (Counts 1-4), in violation of 18 U.S.C. § 922(a)(6), false statement in attempted acquisition of a firearm (Count 5), in violation of 18 U.S.C. § 922(a)(6), and prohibited person in possession of firearms and ammunition (Count 6), in violation of 18 U.S.C. § 922(g)(4). The indictment also includes a forfeiture allegation under 18 U.S.C. § 924(d).

## PLEA AGREEMENT

The United States presented all formal plea offers to the defendant in writing. The plea agreement (Doc. 24) entered into by the parties and filed with the Court represents, in the government's view, the final and the most favorable offer extended to the defendant. *See Missouri v. Frye*, 566 U.S. 134, 145-46 (2012).

Schreder will plead guilty to Counts 1-4 and 6 and admit the criminal forfeiture. In exchange for the Schreder's guilty plea, the government agrees to dismiss Count 5 of the indictment at sentencing and make the recommendation as outlined in the plea agreement.

//

//

//

2

## ELEMENTS OF CHARGES

For Schreder to be found guilty of false statement in acquisition of a firearm, as charged in Counts 1-4 of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, that a specific store was a licensed firearms dealer;

Second, that in connection with acquiring a firearm from that licensed firearms dealer, the defendant made a false statement;

Third, that the defendant knew his statement was false, and;

Fourth, that the false statement was material; that is, it had a natural tendency to influence or was capable of influencing the licensed firearms dealer into believing that the firearm could be lawfully sold to the defendant.

For Schreder to be found guilty of prohibited person in possession of firearms and ammunition, as charged in Count 6 of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm and ammunition, in or affecting interstate commerce;

Second, before possessing the firearm and ammunition, the defendant had been committed to a mental institution; and,

Third, at the time the defendant possessed the firearm and ammunition, the defendant knew he had previously been committed to a mental institution.

//

//

3

## PENALTY

Counts 1-4, false statement in acquisition of a firearm, carry a penalty of up to 10 years of imprisonment, a $250,000 fine, and 3 years of supervised release. Count 6, prohibited person in possession of firearms and ammunition, carries a penalty of up to 15 years of imprisonment, a $250,000 fine, and three years of supervised release.

## ANTICIPATED EVIDENCE

If this case proceeded to trial, the United States would prove the following:

Schreder was involuntarily committed to the Montana State Hospital, a mental institution, pursuant to court orders issued by the Montana 13th Judicial District Court on April 11, 2011, and April 10, 2012. Schreder was present and represented by counsel at hearings before the court prior to the issuance of those orders, he was served copies of those orders, and he was subsequently committed to the Montana State Hospital until he was released.

## Counts 1-4

Shipton's Big R – Gabel Road, located in Billings, Yellowstone County, Montana, was at all relevant times a licensed dealer of firearms. On October 21, October 22, December 1, and December 23, 2022, Schreder purchased ten firearms from Shipton's Big R – Gabel Road.

4

Shipton's Big R – North 14th Street, located in Billings, Yellowstone County, Montana, was at all relevant times a licensed dealer of firearms. On July 5 and July 19, 2022; January 31, 2023; and, April 11, 2024, Schreder purchased five firearms from Shipton's Big R – North 14th Street.

Cabela's, located in Billings, Yellowstone County, Montana, was at all relevant times a licensed dealer of firearms. On February 11, 2022, and January 7, 2023, Schreder purchased two firearms from Cabela's.

Butt's Gun Sales, located in Billings, Yellowstone County, Montana, was at all relevant times a licensed dealer of firearms. On June 30 and October 11, 2022; February 7, April 4, April 11, and December 15, 2023; and, March 8, April 11, June 15, and June 18, 2024, Schreder purchased eleven firearms from Butt's Gun Sales.

For all of the above purchases, Schreder completed an ATF Form 4473 titled "Firearms Transaction Record." Without providing this form, a licensed firearms dealer cannot complete the sale of a firearm. Question 21g on the form asks: "Have you ever been adjudicated mentally defective OR have you ever been committed to a mental institution." If someone marks "yes" in response to this question, a licensed firearms dealer cannot proceed with the sale of a firearm. A licensed firearms dealer has no ability to independently verify the veracity of a response to

that question as involuntary commitments are not recorded on criminal history reports in Montana.

On all ATF Form 4473s he provided to Shipton's Big R – Gabel Road and North 14th Street, Cabela's, and Butt's Gun Sales on the above-mentioned dates, Schreder marked "no" to question 21g, indicating he had never been committed to a mental institution. Schreder also signed the forms representing that all his answers were true, correct, and complete, and that he understood that a person who answers "yes" to question 21g "is prohibited from receiving, possessing, or purchasing a firearm." Since Schreder was previously committed to a mental institution, his response of "no" to question 21g was false. As the licensed firearms dealers would not have completed the transactions had Schreder answered truthfully, this false statement was material to the dealers' decisions to sell the firearms to Schreder.

## Count 6

On October 10, 2024, the Yellowstone County Sheriff's Office searched Schreder's residence located in Billings, Yellowstone County, Montana, and recovered 23 firearms as well as 1176 assorted rounds of ammunition, including large capacity magazines. All 23 firearms and at least some of the ammunition were manufactured outside of the State of Montana.

While these facts do not encompass all the evidence that would have been presented had this matter proceeded to trial, the outlined evidence proves beyond a reasonable doubt that the defendant committed the offenses of false statement in acquisition of a firearm and prohibited person in possession of firearms and ammunition.

DATED this 27th day of August, 2025.

KURT G. ALME
United States Attorney

*/s/ Paul D. Vestal*
PAUL D. VESTAL
Assistant U.S. Attorney